UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL SHAWN SCROGGINS,<br><br>    Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>    Respondent. | Case No. 1:16-cv-00494-AKB<br>(lead case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| MICHAEL SHAWN SCROGGINS,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF IDAHO and CANYON COUNTY DISTRICT COURT,<br><br>    Respondents. | Case No. 1:22-cv-00394-AKB<br>(consolidated case) |

Pending before the Court is Petitioner Michael Shawn Scroggins' Amended Petition for Writ of Habeas Corpus, in which he asserts a single claim—that his fixed life sentence is unconstitutionally excessive and that, instead, he should have received an indeterminate life sentence. *See* Dkt. 13 at 6 (stating that the primary relief sought is a correction to "Petitioner's illegal sentence to remove 'fixed'"); *see also* Dkt. 21 at 14 ("The Defendant Petitioner herein alleges that the Court has the authority to modify his sentence to an indeterminate life sentence in the interest of justice."). Petitioner has also filed a Motion for Appointment of Counsel. Dkt. 16.

Respondent seeks dismissal of this action, arguing as follows: (1) the Amended Petition is a second or successive petition that has not been authorized by the United States Court of Appeals for the Ninth Circuit; (2) Petitioner's claim is untimely; (3) the claim is procedurally defaulted; and (4) the claim fails on the merits. Dkt. 19.

For the following reasons, the Court will deny Petitioner's request for counsel and deny the Amended Petition on the merits.[1]

1.  **Petitioner's Motion for Appointment of Counsel**

Petitioner seeks appointment of counsel. Dkt. 16. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases ("Habeas Rules"). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

The Court denied Petitioner's previous request for appointment of counsel, finding it "unlikely that Petitioner will be able to meet the strict standards for a grant of a writ of habeas corpus." The Court also found that "the issues in this matter do not appear to be particularly complex in comparison to other habeas cases on the Court's docket." Initial Review Order, Dkt. 7 at 5. Petitioner now renews his request for counsel because he has "required assistance completing

---

[1] Because Petitioner's claim fails on the merits under de novo review, the Court need not address Respondent's other arguments.

[his] pleadings" in this case and because the inmate assistant who has been helping Petitioner with this case "is leaving soon." Dkt. 16 at 1–2.

Petitioner's predicament is unfortunate. He is incarcerated, untrained in the law, and at a disadvantage without having counsel to assist him. But this is true of nearly all prisoner cases. Petitioner has done an adequate job of representing himself to date. His difficulties in more skillfully litigating his claims are simply "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Further, as set forth below, Petitioner does not have a likelihood of success on the merits. Therefore, the Court will deny Petitioner's Motion for Appointment of Counsel.

**2.     The Amended Petition Must Be Denied on the Merits**

    **A.     *Background***

In 1984, Petitioner was convicted of first-degree felony murder.[2] *State's Lodging A-12*. He was initially sentenced to death. The Idaho Supreme Court vacated the sentence and remanded, holding that the death sentence was excessive under state law. *State v. Scroggins*, 716 P.2d 1152, 1159–61 (Idaho 1985). Petitioner was later resentenced to fixed life imprisonment. *State's Lodging C-6* at 1–2.

In November 2016, Petitioner filed in this Court an initial federal habeas corpus petition—the lead case in this consolidated action. *See Scroggins v. Blades*, No. 1:16-cv-00494 (D. Idaho), Dkt. 3 ("First Petition"). United States Magistrate Judge Candy W. Dale stayed this First Petition to allow Petitioner to exhaust his claims in state court. *Id.*, Dkt. 9.

---

[2] Petitioner was also initially convicted of attempted rape, but that charge was later dismissed as violating the Double Jeopardy Clause of the Idaho Constitution. *State's Lodging A-12; C-7*.

**MEMORANDUM DECISION AND ORDER - 3**

In January 2017, while the lead case (No. 1:16-cv-00494) was stayed, Petitioner filed another federal habeas petition, asserting that his fixed life sentence was excessive. Specifically, Petitioner argued that his "life" sentence meant a determinate sentence of 30 years only.[3] *See Scroggins v. Blades*, No. 1:17-cv-00031-EJL, Dkt. 3 ("Second Petition"). At that time, Petitioner was still pursuing post-conviction relief in state court. Judge Dale initially reviewed the Second Petition and held that it failed on the merits. Because not all parties had consented to magistrate judge jurisdiction, however, Judge Dale reassigned the case to United States District Judge Edward J. Lodge. *Id.*, Dkt. 7. Judge Lodge dismissed the Second Petition, with prejudice, based on the same reasoning as Judge Dale. *Id.*, Dkt. 8, 9.

Notably, the Second Petition did not inform the Court of the existence of Petitioner's First Petition or that the First Petition was stayed for state court exhaustion. This information would have been helpful, because if a second petition is filed while a first petition is pending, courts construe the second petition as a motion to amend the first petition, rather than as a successive petition. *See Goodrum v. Busby*, 824 F.3d 1188, 1192 (9th Cir. 2016). Because Petitioner did not

---

[3] As this Court has previously explained, this is a frequent argument of Idaho inmates that has been soundly rejected by the Idaho courts. *See Hanks v. Christensen*, No. 1:21-cv-00292-CWD, 2022 WL 2340859, at *3 (D. Idaho June 29, 2022) ("Petitioner's legal theory is a variation of a similar claim that other Idaho prisoners have made repeatedly, arguing that, because an indeterminate life sentence was once considered to be thirty years for purposes of calculating *parole eligibility*, it should be considered thirty years for purposes of *release* from prison."); *Hanks v. State*, No. 46435, 2020 WL 974166, at *3 (Idaho Ct. App. Feb. 28, 2020) ("[D]eterminate sentences carr[y] no possibility of parole prior to the expiration of the term, and a determinate life sentence constitute[s] incarceration for the individual's full natural life." (citation omitted); *see also State v. Wilson*, 672 P.2d 237, 243 (Idaho Ct. App. 1983) ("[T]he view apparently has evolved that a life sentence means thirty years and that a person sentenced to a fixed life sentence will be eligible for release—outright or on parole—after thirty years. We believe this view is incorrect."), *overruled on other grounds by State v. Wilson*, 690 P.2d 1338 (Idaho 1984).

notify the Court of the issue, the Court was unaware of the First Petition when it adjudicated the Second Petition.[4]

In September 2022, Petitioner filed yet another federal habeas petition—the consolidated case in this action—without moving to reopen the case involving his First Petition. *See Scroggins v. Idaho*, No. 1:22-cv-00394, Dkt. 1 (D. Idaho). Realizing that Petitioner's First Petition was still before the Court in Case No. 1:16-cv-00494—and also noting that Petitioner had not, as previously ordered, filed a motion to reopen in that case—Judge Dale construed the petition in Case No. 1:22-cv-00394 as a motion to amend the petition in Case No. 1:16-cv-00494. *Order of Consolidation, Order Reopening Case, and Order Requiring Amended Petition*, Dkt. 10. The Court consolidated Case Nos. 1:16-cv-00494 and 1:22-cv-00394.[5]

Judge Dale informed Plaintiff that an amended petition was required in these consolidated cases for several reasons. First, two named parties were not proper respondents in No. 1:22-cv-00394. *Id.* at 2. Second, it was unclear whether Petitioner intended the petition in No. 1:22-cv-00394 to replace the First Petition in No. 1:16-cv-00494. *Id.* at 3. Third, it was unclear whether Petitioner's claims were exhausted. *Id.*

The Court gave Petitioner an opportunity to file a combined amended petition, asserting all of the claims he intended to pursue in these consolidated cases. *Id.* at 4. Judge Dale clearly warned Petitioner that, if he failed to file a combined amended petition within 28 days, the Court would construe the petition/motion-to-amend filed in No. 1:22-cv-00394 "as the operative petition in these consolidated cases and [would] disregard the earlier-filed petition [the First Petition] in its

---

[4] The Court does its best to ensure it is aware of related cases. Given the volume of cases filed in this District, however, the Court is not always able to do so. Thus, it is incumbent upon litigants to inform the Court of related cases.

[5] These consolidated cases have since been reassigned to the undersigned judge. *See* Dkt. 22.

entirety." *Id*. Petitioner did not do so. Therefore, the Court did as it had previously indicated and construed the petition in 1:22-cv-00394 as the operative Amended Petition. *See Successive Review Order and Order of Reassignment*, Dkt. 14 at 1.

Petitioner appears to contend that at least some of the claims asserted in the First Petition remain for adjudication. *See* Dkt. 21 at 2–3 (discussing attempts "to suppress DNA evidence which would clearly change the outcome of this case were it allowed to be presented to a jury by a fair unbiased court"). However, Petitioner received a clear warning that, without a combined amended petition, the Court would disregard the First Petition in its entirety. Thus, the Amended Petition (Dkt. 13) remains the controlling petition. And, as explained above, the Amended Petition asserts only that Petitioner's fixed life sentence is excessive.

**B.     *Standards of Law***

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). If the state court has adjudicated a claim on the merits, habeas relief is strictly limited by 28 U.S.C. § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas relief must be denied unless the state court's adjudication of the petitioner's claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

If the state court did *not* decide a properly asserted claim on the merits, then the federal habeas court must review the petitioner's claim de novo, meaning without deference to the state court's decision. *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014). Even under de novo review, however, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002); *Kirkpatrick v. Chappell*, 950 F.3d 1118, 1131 (9th Cir. 2020) ("Unlike § 2254(d), § 2254(e)(1)'s application is not limited to claims adjudicated on the merits [by a state court]."). Under that statute, a habeas petitioner may rebut the presumption of correctness only by showing clear and convincing evidence to the contrary.

Even if a petitioner succeeds in demonstrating a constitutional error in his conviction, he is entitled to federal habeas relief only if the petitioner "can establish that [the error] resulted in 'actual prejudice.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Under the *Brecht* standard, an error is not harmless, and habeas relief must be granted, only if the federal court has "grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (internal quotation marks omitted). A "reasonable possibility" of prejudice is insufficient. *Brecht*, 507 U.S. at 637.

### C.  *Under De Novo Review, Petitioner's Sentencing Claim Fails on the Merits*

The Court need not decide whether AEDPA's deferential standard of review applies to this case, because Petitioner's excessive-sentence claim fails on the merits even under de novo review.

Petitioner claims that he should have been sentenced to an indeterminate life term, not a fixed life term. *See* Dkt. 13 at 6. The Eighth Amendment prohibits excessive sentences. Generally, "so long as the sentence imposed does not exceed the statutory maximum," it does not violate the Eighth Amendment. *United States v. McDougherty*, 920 F.2d 569, 576 (9th Cir. 1990), *abrogated on other grounds by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Even if the sentence is within

the statutory maximum penalty, however, the sentence cannot be grossly disproportionate to the crime committed. *Graham v. Florida*, 560 U.S. 48, 72 (2010).

At the time of Petitioner's conviction, the maximum penalty for first-degree murder was either death or "imprisonment for life." *See* 1977 Idaho Sess. Laws, Ch. 154, § 3, at 391, *codified at* I.C. § 18-4004 (1983). This Court has already held—in adjudicating Petitioner's Second Petition—that Idaho has interpreted "imprisonment for life" to include both fixed and indeterminate life terms. According to the Idaho state courts, "when a court is determining the potential maximum term that a prisoner may eventually be required to serve in Idaho … *life means life, no matter if the term is fixed or indeterminate*." *Scroggins v. Blades*, No. 1:17-cv-00031-EJL, Dkt. 7 at 6 (D. Idaho April 18, 2017) (emphasis added); *see also id*. at 3–6 (discussing the evolution of the Idaho courts' interpretation of "life" in *King v. State*, 456 P.2d 254 (Idaho 1969), *State v. Butler*, 464 P.2d 931 (Idaho 1970); *Pulver v. State*, 471 P.2d 74 (Idaho 1970); *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), *overruled on other grounds by State v. Wilson*, 690 P.2d 1338 (Idaho 1984); *State v. Toohill*, 650 P.2d 707 (Idaho Ct. App. 1982), *State v. Wood*, 876 P.2d 1352 (1993); and *State v. Murphy*, 158 P.3d 315 (Idaho Ct. App. 2007)).

Petitioner's fixed life sentence was within the statutory maximum penalty provided in Idaho Code § 18-4004, and Petitioner does not argue that his sentence is grossly disproportionate to his crime. Therefore, Petitioner's Eighth Amendment claim must be denied. *See Graham*, 560 U.S. at 59. To the extent the Amended Petition asserts that Petitioner's sentence is excessive under Idaho state law, such a claim must also be denied. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

For the foregoing reasons, the only claim in the Amended Petition fails on de novo review. Therefore, Petitioner is not entitled to habeas relief.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (Dkt. 16) is DENIED.

2. The Amended Petition (Dkt. 13) is DENIED on the merits, and these consolidated cases are DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: June 27, 2023

_____
Amanda K. Brailsford
U.S. District Court Judge